UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria Amplatz,                                    Civ. No. 12-1758 (PAM/JSM)

                    Plaintiff,

v.                                                         **ORDER**

Country Mutual Insurance Company,

                    Defendant.

---

This matter is before the Court on the parties' Motions in Limine.

**Plaintiff's Motion**

Amplatz's Motion asks the Court to exclude Country's supplemental expert report, to exclude evidence about what Amplatz calls Country's "repair first defense," and to exclude evidence that Country produced last week. Amplatz also asked for a ruling that she is entitled to prejudgment interest on the jury's award, from the date of her claim to the date of trial, but the parties have now stipulated that the prejudgment interest issue is for the Court to determine in posttrial motions.

Amplatz's objections to the supplemental expert report are not well taken. She had the opportunity to question Country's expert witness about this report in his deposition, and therefore cannot claim surprise. To the extent the conclusions are inconsistent with other opinions, that is a matter for cross-examination. Similarly, the exhibits Country produced last week are intended to explain certain elements of Country's case, and may therefore be relevant and admissible. Should Country attempt to use the exhibits for an improper purpose,

Amplatz can object at that time.

With respect to the "repair first defense," Country argues that its position is and always has been that it paid Amplatz actual cash value rather than replacement cost value because she did not comply with the policy's provision that Country would not pay replacement cost unless the damage was actually repaired and unless those repairs were made as soon as reasonably possible.  (Def.'s Opp'n Mem. (Docket No. 165) at 1.)  But Country's primary position in the Motion for Summary Judgment was that Country did not pay replacement cost value because Amplatz did not affirmatively elect such coverage.  Country also argued that Amplatz's failure to undertake repairs meant that Country was not now obligated to pay replacement cost value, but the Court found that a jury must determine whether Amplatz complied with the policy terms in this regard.  Thus, it is disingenuous for Country to now claim its decision to pay less than replacement cost was due solely to Amplatz's alleged failure to make repairs.

Neither is Amplatz correct, however, that Country cannot rely on the policy requirements in defending this lawsuit.  And she overstates the holding of Cornelius v. Badger Mutual Insurance Co., 354 N.W.2d 100 (Minn. Ct. App. 1984), in support of her argument. No other court, in Minnesota or otherwise, has held that a repair-first provision in an insurance policy is unenforceable once the matter is presented to the jury, and the Cornelius court's statement to that effect is dicta at best.  Moreover, the jury is entitled to a full presentation of the evidence, including the terms of the policy that allegedly support Country's actions here.  Amplatz may rebut this evidence with evidence that establishes that

Country did not rely on this policy provision in denying or reducing her claim. The evidence will not be excluded.

**Defendant's Motion**

Country asks the Court to exclude allegedly new opinions offered by one of Amplatz's expert witnesses and exclude the other expert altogether as duplicative of the first expert. Country also seeks to exclude a supplemental expert report that Amplatz served on Country on December 12, any evidence of claims-handling deficiencies, and evidence about replacement cost value, as opposed to actual cash value.

As Country recognizes, the Court has already determined that Amplatz was not required to elect replacement cost value. The Court will not revisit the issue.

Country requests the exclusion of the supplemental expert report of Paul Norcia that Amplatz served on Country on December 12, 2014, more than six months after the deadline for expert discovery expired. Amplatz contends that the report was served 30 days before trial, as Rule 26 requires. But at the time Amplatz served the report, trial was set for January 6, 2015. Only because of Amplatz's attorney's illness was the trial postponed until January 12. Her contentions are disingenuous. Given that Country has had access to the supplemental report for as long as the Rules provide, however, the Court will not exclude the report on this basis.

Amplatz also argues that there is no new information in the supplemental report, but rather the expert witness merely updated his calculations to include the cost of building materials in 2014 because the original report's costs were from 2011. Country contends that

3

the replacement cost value must be judged at the time of the loss, citing <u>Bartl v. City of New Ulm</u>, 72 N.W.2d 303, 305 (Minn. 1955). But <u>Bartl</u> involved tort damages, not contract, and the court's statement regarding value at the time of loss was limited to damage that could not economically be repaired. <u>Id.</u> Absent authority that contract damages are similarly frozen in time, or that the <u>Bartl</u> rule applies to repairable damage, the Court will not exclude the update to the expert witness's calculations.

To the extent that Norcia's supplemental report purports to include items of damage not previously included, however, it is far too late for Amplatz to raise new items of damage she has not previously claimed. Any new item of damage is excluded.

Country also takes issue with the supplemental report of Amplatz's other expert witness, Gregory Phillips. According to Country, Phillips for the first time in his expert report contends that the roof on the Cherry Avenue property must be replaced rather than repaired because it allegedly has moisture within the roof system. Amplatz contends that she has always argued that the roof must be replaced, but this argument ignores the crux of Country's contentions. Country's argument is that Amplatz is raising a new justification for her replace-rather-than-repair theory, one that Country had no opportunity to inquire about in discovery.

Amplatz admits that Phillips's conclusions about water in the roof system were made after he tested the roof in the summer of 2014. And indeed it appears that Phillips drafted his supplemental report in June 2014. Amplatz offers no credible excuse as to why she did not provide this supplemental report to Country at the time it was drafted. Had she done so,

Country could have sought to reopen expert discovery to fully explore this new theory. Although Phillips in his deposition mentioned taking core samples of the roof that revealed moisture, Country was under no obligation to assume that this statement changed his theories absent a supplementation of his report.  It would be prejudicial to Country to allow Amplatz to raise a new theory as to why replacement rather than repair is required as to the Cherry Avenue property.  Evidence regarding the moisture in the roof as a justification for Amplatz's insistence that the roof must be replace is therefore excluded.

Evidence and opinion about Country's claims-handling process is, contrary to Country's argument, relevant to give the jury background information and to inform their decision.  Such evidence will not be excluded.  And Country's objections to Phillips's testimony go to the weight to be given that evidence, not its admissibility.  Should his testimony indeed duplicate that of Norcia, Country can raise an objection at that time.

Finally, Country seeks the exclusion of repair estimates for property Amplatz has already repaired.  There is significant dispute between the parties as to what damage has been repaired and what damage has not been repaired or repaired sufficiently.  The Court cannot determine at this point that the evidence about which Country complains is irrelevant.  The motion is therefore denied without prejudice to specific objections at trial.

Accordingly, **IT IS HEREBY ORDERED that**:

1.      Plaintiff's Motion in Limine (Docket No. 155) is **DENIED**; and

2.      Defendant's Motion in Limine (Docket No. 146) is **GRANTED in part** and

      **DENIED in part** as set forth above.

Dated: <u>January 9, 2015</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge