UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria Amplatz,                                      Civ. No. 12-1758 (PAM/JSM)

            Plaintiff,

v.                                                                 **ORDER**

Country Mutual Insurance Company,

            Defendant.

_____

This matter is before the Court to determine the amount of the judgment and related issues.

This insurance-coverage case was tried to a jury in January 2015.  At issue was whether the insurance policy Defendant Country Mutual Insurance Company issued to Plaintiff Maria Amplatz covered interior and exterior storm damage to two of her properties. Amplatz claimed that her properties had suffered damage of more than $320,000, while Country maintained that the maximum amount of damage to the properties was just over $50,000.  On January 28, 2015, the jury awarded Amplatz $76,095.90, as the "total cost to repair or replace, with new materials of like kind and quality, the damage covered by Plaintiff's insurance policy" for damage to the exterior of her properties.  (Verdict Form (Docket No. 183).)  The jury determined that the interior of those properties had not suffered any covered damage as a result of the storm.  (Id.)

The jury's verdict did not take into account any amount Country had paid for the damage, any deductible amount, or any amount Amplatz may have spent for repairs.  (Jury

Instr. 12 (Docket No. 180 at 13).)  Rather, the parties stipulated that such deductions, if any, were for the Court to determine.  (Stipulation (Docket No. 171) at ¶ 3.)  The parties also stipulated that the Court would determine prejudgment interest, "including any fact determinations as to the date on which the request for payment of insurance benefits was made . . . ."  (Id. ¶ 4.)

The parties do not dispute that, subtracting payments Amplatz previously received from Country as well as the applicable deductible, the net amount of the jury's verdict to which Amplatz may be entitled is $36,738.29.[1]  Amplatz asks the Court to award her prejudgment interest on this amount from the day she notified Country of the loss, October 7, 2010.  Under Minnesota law, an insured whose insurance company fails to make payments due under an insurance policy may recover a yearly interest rate of ten percent on "monetary amounts due under the insurance policy, calculated from the date the request for payment of those benefits was made to the insurer."  Minn. Stat. § 60A.0811, subd. 2(a).  According to Amplatz, the total amount of prejudgment interest to which she is entitled is $15,832.74.

Country makes several arguments in opposition to Amplatz's request for prejudgment interest.  First, Country contends that Amplatz is not entitled to either prejudgment interest or the net amount of the jury award because, according to Country, Amplatz failed to comply

---

[1]  Complicating the analysis are Country's unopposed request for its costs under Minnesota's offer-of-judgment statute and the fact that Amplatz's former attorney has secured a lien against any recovery Amplatz receives.  Amplatz asks the Court to award her the full amount of any recovery, or to order Country's counsel to keep the amount of the recovery in trust until the lien is resolved.  She cites no authority for either proposition.

with a policy provision that ostensibly requires her to first repair any damage before receiving coverage for that damage.  Country next argues that Amplatz is in any event not entitled to prejudgment interest on the jury's award because her failure to make repairs means that Country did not breach or repudiate the policy within the meaning of the prejudgment interest statute.  In the alternative, Country argues that the amount of prejudgment interest should be calculated not from October 2010 but from October 2011, when Amplatz first provided Country with an estimate for repairing the storm damage.

Country's first argument is not well taken.  The Court determined on summary judgment that fact issues prevented a resolution of the repair-first issue, and the evidence adduced at trial showed that Amplatz was justified in not undertaking repairs when Country would not agree to the scope of those repairs.  Similarly, Amplatz's failure to undertake repairs to which Country would not agree does not doom her request for prejudgment interest.

Country argues that the Loss Notice Amplatz sent Country in October 2010 is not a "request for payment of [insurance] benefits" that would trigger the prejudgment interest statute.  Minn. Stat. § 60A.0811, subd. 2(a).  Country asks the Court to calculate interest, if at all, from October 2011, when Amplatz sent Country estimates for the repairs to her properties. (Def.'s Ex. 12.)  But Country's own response to the Loss Notice makes clear that Country understood that Amplatz was making a claim for benefits under her insurance policy.  (Def.'s Ex. 13 (Country's "Claim Acknowledgment").)  And, indeed, Country sent

Amplatz a check for nearly $5,000[2] only one week after it received the October 2010 Loss Notice. (Id.) Thus, Country construed the Loss Notice as a request for payment of benefits and the prejudgment interest statute was triggered on the date of that notice.

Country further argues that its agreement when adjusting the claim to pay $10,714.14 in depreciation pending Amplatz's repairs to the properties means that the amount of the verdict subject to the prejudgment interest statute is $26,024.15, not the full net verdict amount of $36,738.29. Amplatz does not address this argument in her response. Given Country's agreement from the outset of the claim that Amplatz was entitled to $10,714.14 in depreciation costs, Country did not "breach or repudiat[e]" its "duty to . . . make payments" under the policy as to this amount. Minn. Stat. § 60A.0811, subd. 2(a). Thus, Amplatz is entitled to prejudgment interest only on $26,024.15. At Minnesota's statutory 10% rate, the interest due is $11,222.47. Thus, the total amount of the judgment in Amplatz's favor is $37.246.62.

But as Amplatz concedes, Country is entitled to recover the costs it incurred after its offer of judgment under Rule 68. Country claims costs of $10,048.54, and Amplatz does not take issue with this amount. Thus, any payment to Amplatz must be reduced by $10,048.54.

Finally, Amplatz also acknowledges that her previous attorney has filed a lien for unpaid fees against any recovery in this matter. As noted, Amplatz asks the Court to order payment to her despite the presence of the lien. In the alternative, Amplatz suggests that

---

[2]   The check constituted payment for $14,952.48 in damage, less the $10,000 deductible. (Def.'s Ex. 13.)

Country's counsel hold the amount in escrow pending resolution of the lien through arbitration. Country takes no position on the validity of the lien. Because the lien's validity and the amount thereof must be established through a separate proceeding, the best course is to require Country to keep the judgment amount in escrow until that proceeding concludes.

Accordingly, **IT IS HEREBY ORDERED that**:

1.    The amount of the judgment in favor of Plaintiff, including the jury verdict and prejudgment interest, is $37,246.62;

2.    Defendant is entitled to deduct its post-offer-of-judgment costs of $10,048.54 from this amount; and

3.    Defendant shall hold the net judgment amount of $27,198.08 in escrow pending the resolution of the arbitration proceeding regarding Plaintiff's former attorney's lien.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   April 15, 2015

   s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge