UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria Amplatz,                                              Civ. No. 12-1758 (PAM/JSM)

          Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Country Mutual Insurance Company,

          Defendant.

---

This matter is before the Court on Plaintiff's Motion for a New Trial and to Alter or Amend the Judgment. For the reasons that follow, the Motion is denied.

**BACKGROUND**

In this lawsuit, Plaintiff Maria Amplatz sought to recover from her commercial insurance carrier, Defendant Country Mutual Insurance Company, for storm damage to two rental properties.[1] The properties at issue were the Game Farm Property, located at 1150 Game Farm Circle in Minnestrista, Minnesota, and the Cherry Avenue Property, located at 3838 Cherry Avenue in Mound, Minnesota. Country did not deny Amplatz coverage for the damage, but disputed the amount of the coverage and also whether it was obligated to make payments before Amplatz made the required repairs.

The matter was tried to a jury in January 2015. Amplatz asked the jury to award her more than $320,000, while Country estimated the amount of damage to the properties was

---

[1] The Complaint claimed damage to four properties, but the parties settled their differences with respect to two of the properties before trial.

approximately $50,000. On January 28, 2015, the jury awarded Amplatz $76,095.90, as the "total cost to repair or replace, with new materials of like kind and quality, the damage covered by Amplatz's insurance policy" for damage to the exterior of her properties. (Verdict Form (Docket No. 183).) The jury determined that the interior of those properties had not suffered any covered damage as a result of the storm. (Id.)

After the verdict, as the parties had stipulated (Stipulation (Docket No. 171) at ¶ 3), the Court determined the amounts to be deducted from the verdict for the policy's deductible, amounts Country had already paid or agreed to pay for the damage, and prejudgment interest. (Apr. 15, 2015, Order (Docket No. 200).) This Motion followed the entry of judgment.

**DISCUSSION**

In evaluating a motion for a new trial under Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice." McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir. 1984). "In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." King v. Davis, 980 F.2d 1236, 1237 (8th Cir. 1992). The "trial judge may not usurp the functions of a jury." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). "Rather, the trial court must believe . . . that the verdict was so contrary to the evidence as to amount to a miscarriage of justice." Butler v. French, 83 F.3d 942, 944 (8th Cir. 1996).

Amplatz's Motion raises a host of legal and evidentiary issues, challenging this

Court's rulings on pretrial discovery, motions in limine, exclusion of evidence during trial, jury instructions, and post-judgment interest. Evidentiary errors warrant a new trial only when "the cumulative effect of the errors is to substantially influence the jury's verdict." Williams v. Kansas City, 223 F.3d 749, 755 (8th Cir. 2000). Legal errors may merit a new trial if "the verdict is so contrary to the preponderance of the evidence as to imply that the jury . . . acted under some mistake." In re Levaquin Prods. Liab. Litig., 700 F.3d 1161, 1166 (8th Cir. 2012). Errors in pretrial discovery rulings will merit a new trial only if "the errors complained of amount to a gross abuse of discretion resulting in fundamental unfairness." Bunting v. Sea Ray, Inc., 99 F.3d 887, 890 (8th Cir. 1996). And a new trial is appropriate for erroneous jury instructions "only if the error misled the jury or had a probable effect on its verdict." Hallmark Cards, Inc. v. Murley, 703 F.3d 456, 460 (8th Cir. 2013).

A motion to alter or amend the judgment "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 934 (8th Cir. 2006). Rule 59(e) does not afford litigants with a "second bite at the apple" but rather gives them "an opportunity for relief in extraordinary circumstances." Dale and Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993) (Doty, J.).

**A.     Pretrial Rulings**

   **1.     Discovery**

Amplatz challenges Magistrate Judge Mayeron's decision to quash a subpoena Amplatz issued to a company that was not a party to the litigation when the subpoena issued. Country subsequently hired the company, Building Envelope Consultants, as an expert, and moved to quash the subpoena. Magistrate Judge Mayeron agreed with Country that Amplatz was not entitled to subpoena post-litigation documents from the company until the expert phase of discovery, and she granted the motion to quash as to that information. Amplatz did not appeal the motion-to-quash ruling to this Court. She now contends that the quashing of the subpoena caused her substantial prejudice.

As an initial matter, it is not clear whether Amplatz has abandoned her claim with regard to this pretrial ruling. She does not address it in her reply memorandum, thus perhaps conceding that Country's arguments that she misapprehended the ruling are correct. Because the ruling is discussed in Amplatz's opening brief, however, the Court will presume that she did not intend to abandon her challenge to it.

Contrary to Amplatz's current counsel's[2] belief, Magistrate Judge Mayeron's ruling did not prevent Amplatz from discovering post-litigation information from Building Envelope Consultants.  As her attorney at the time recognized, his subpoena was

---

[2] Counsel bringing this Motion on Amplatz's behalf did not try the case, and Amplatz's trial counsel was not involved in the early discovery stage of the litigation that is at issue in this portion of the Motion.

inappropriate given the company's new status as a retained expert for Country. The Magistrate Judge therefore properly limited the subpoena to pre-litigation information, but did not preclude Amplatz from seeking post-litigation information from the company during the expert discovery phase. (See generally Tr. (Docket No. 218) at 22-23, 25-26.) This ruling did not cause Amplatz any prejudice whatsoever and Amplatz's challenge to it fails.

**2.     Motion in Limine**

a.     Gregory Phillips

Country moved in limine before trial to exclude a supplemental report from one of Amplatz's expert witnesses, Gregory Phillips. The Court excluded this report because it was not provided to Country until less than a month before trial, despite that the report was drafted six months before trial. Amplatz offered no explanation for her failure to provide the supplemental report in a timely fashion, and the Court correctly excluded it. Contrary to her post-hoc arguments, the exclusion of this evidence was warranted and did not unduly prejudice her case. And any prejudice was entirely self-imposed: by failing to timely provide the supplemental report to Country, Amplatz violated the letter and spirit of the discovery rules.

Although the Motion on this point is without merit and will be denied, Amplatz's contention that the Court should have granted a continuance of the trial to allow Country to depose this expert merits specific mention. This lawsuit was filed in 2012; the damages for which Amplatz was seeking recompense occurred two years before that, in 2010. To suggest, as Amplatz does, that the Court should have further continued the January 2015 trial

because of her failure to abide by the Federal Rules of Civil Procedure is outrageous, and not only because Amplatz did not ever request that remedy. The Court's calendar is not subject to the whims of counsel, and is not an open book for those who do not comply with Court Rules. A continuance at the eleventh hour was not appropriate, and Amplatz cannot establish that the Court's decision to exclude the Phillips supplemental report was in error.

        b.        Paul Norcia

In the same motion in limine, Country asked the Court to exclude another expert witness's new opinions on damage to the interior of Amplatz's properties, disclosed in December 2014, less than one month before the schedule trial date. The Court excluded only a part of expert witness Paul Norcia's supplemental report that included new items of damage not previously included in the witness's damage calculations. (Order on Motions in Limine (Docket No. 172) at 4.) Amplatz now contends that the exclusion of this information, when combined with the exclusion of Phillips's supplemental report, "severely prejudiced" her ability to "fully try her case." (Pl.'s Supp. Mem. at 17.) But these new items of damage, as Country points out, increased Norcia's damages estimates by less than $15,000, which was less than five percent of his total damages estimates. And in any event, Amplatz's failure to offer any explanation for the egregiously untimely disclosure of new theories of damages mandated their exclusion. Amplatz suffered no prejudice and the Court's exclusion of the new items of damage was not erroneous.

**B.**    **Trial Rulings**

Amplatz argues that the Court erroneously sustained objections to "critical" testimony

at trial, thereby "squash[ing]" her ability to meet her burden of proof. (Pl.'s Supp. Mem. at 18; Pl.'s Reply Mem. (Docket No. 231) at 13.)

**1.     Hearsay**

Amplatz first argues that the Court erred in sustaining a hearsay objection to her testimony on what her insurance agent told her at the time of the storm. She argues that her testimony should have been admitted as a hearsay exception because it was the statement of Country's agent and concerned a matter within the scope of the agency. Fed. R. Evid. 801(d)(2)(D). Amplatz's counsel did not make the agent-exception argument at the time of trial, and indeed did not challenge the Court's hearsay ruling in any way.

Amplatz now contends that the applicability of the agent exception was apparent from the context of the testimony, but she cannot escape her duty under the Rules to inform the Court of the basis for the hearsay exception she claims. See, e.g., Brunsting v. Lutsen Mountains Corp., 601 F.3d 813, 818 (8th Cir. 2010) (proponent of hearsay testimony bears burden to demonstrate that the exception applies). The agent exception does not apply merely because the person involved was an insurance agent selling Country insurance. Rather, the exception applies only if the agent was speaking "on a matter within the scope of the [agency] relationship." Amplatz's failure to make any argument to the Court regarding the applicability of the agent exception to the hearsay rule is fatal to her claim here.

But even if Amplatz is correct that the applicability of the exception should have been apparent from the testimony, the exclusion of that testimony was not "so prejudicial as to require a new trial which would be likely to produce a different result." O'Dell v. Hercules,

Inc., 904 F.2d 1194, 1200 (8th Cir. 1990). Amplatz wanted the jury to hear that the agent admitted that her properties had been damaged by the storm. Country did not dispute that Amplatz's properties sustained damage in the storm. Country disputed only the extent of the damage. The agent's telephone discussions with Amplatz, at least one of which occurred before the agent had even visited the properties to survey the damage, were not relevant to establish any element of the case, which is presumably why Amplatz's able trial counsel did not pursue the line of questioning further after the Court sustained Country's objections to it. The Motion on this point is denied.

### 2. Facts Not in Evidence

During Amplatz's cross-examination of Country's roofing expert, the Court sustained an objection to a question because the question assumed facts not in evidence. The question at issue asked the expert witness about water vapor in the glass of Amplatz's solarium, asserting that the water vapor was not present before the storm but was present after the storm. Country objected because there was no evidence that there was water vapor in the glass before the storm, and the Court sustained the objection. Amplatz contends that the expert had previously testified regarding the presence of water vapor in the glass and thus that the fact was in evidence.

Amplatz misconstrues the expert's testimony, however, because at the time of his water-vapor testimony the expert witness was examining photos of the solarium taken after the storm. That there was water vapor in the glass after the storm is undisputed. The fact not in evidence was Amplatz's assertion in her question that the water vapor was not present

before the storm, something to which no witness had testified. And indeed, another witness testified that Amplatz herself admitted that there was water vapor in the glass before the storm. The Court's evidentiary ruling was correct and the Motion on this point is denied.

**C.     Jury Instructions**

Amplatz takes issue with jury instruction number 10, describing her burden of proof. (Docket No. 180 at 11.) During the charge conference, Amplatz's counsel objected to the second sentence of the second paragraph of that instruction, which told the jury that Amplatz's insurance policy "does not cover Plaintiff for damage before or after" the effective dates of the policy, February 24, 2010, to February 24, 2011. Counsel requested that the Court add "unless the damage arises from the storm that occurred on July 17 of 2010" to the end of the second sentence of the second paragraph of instruction 10. (Tr. (Docket No. 229) at 21.) The Court refused counsel's request, finding that the third sentence of that paragraph adequately explained that Amplatz's burden was to show either that the damage occurred during the policy period or was caused by damage that occurred during the policy period. (Id. at 22.)

Amplatz now contends that this instruction misstated the law and materially prejudiced her case. According to Amplatz, she did not bear the burden "to prove that her damages arose from 'damage' within the policy period, but rather from 'any Covered Cause of Loss,'" as the insurance policy provided. (Pl.'s Supp. Mem. (Docket No. 207) at 12.)

But Amplatz did not object to the use of the word "damage." Rather, she objected that the implication of the instruction was that damage occurring outside the policy period was

9

not covered. Both the final sentence of instruction 10 and the text of instruction 11, however, address that concern, instructing the jury that the policy provided coverage for damage that was caused by the storm itself or that was caused by rain entering the structure through the damage the storm caused. (Docket No. 180 at 12.) And even if counsel's objection did address the issue the Motion for New Trial raises, the jury was not misled as to Amplatz's burden, nor did the instruction misstate Minnesota law on the issue. Because the instruction, taken as a whole and in conjunction with the other instructions, correctly stated the law, Amplatz was not in any way prejudiced. The Motion on this point is denied.

**D.    Post-Trial Ruling**

Finally, both Amplatz and Country contend that the Court erred in its post-trial ruling regarding prejudgment interest. Amplatz argues that the Court wrongly excluded from its prejudgment interest calculations more than $10,000 for depreciation that Country had agreed to pay but had not yet paid. Country points out that the Court neglected to include this amount in its net award, and thus that the award should likely be adjusted accordingly.

As the Court found, Country did not breach its duties to Amplatz with respect to the depreciation amount, and thus prejudgment interest was not available on this amount. (Order (Docket No. 200) at 4.) But Country is correct that the Court inadvertently neglected to include the amount in the net judgment, and the judgment will be amended accordingly.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.     Amplatz's Motion for a New Trial (Docket No. 205) is **DENIED**; and

2. The Judgment (Docket No. 201) is **AMENDED** to reflect a net judgment amount of $37,912.22. Defendant shall continue to hold the net judgment amount in escrow pending the resolution of the arbitration proceeding regarding Plaintiff's former attorney's lien.

Dated:   June 25, 2015   

     *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge